UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JONATHAN M. ROBERTS, 04-B-2728,      **REPORT AND RECOMMENDATION**

                      Petitioner,      07-CV-00285(S)(M)

v.

SUPERINTENDENT,
Attica Correctional Facility,

                      Respondent.

---

Petitioner Jonathan M. Roberts, an inmate acting *pro se*, filed a petition under 28 U.S.C. §2254 for a writ of habeas corpus on April 30, 2007 (Dkt. #1). On February 8, 2008, Hon. William M. Skretny referred the matter to me pursuant to 28 U.S.C. §636(b)(1), for all proceedings necessary to determine the factual and legal issues presented and for preparation of a Report and Recommendation (Dkt. #13). For the following reasons, I recommend that the petition be DENIED.

## BACKGROUND

Following a two-day jury trial in Ontario County Court on September 20-21, 2004 (Dkt. #7), petitioner was convicted of Attempted Murder in the Second Degree, Assault in the First Degree and Criminal Possession of a Weapon in the Second Degree in connection with the shooting of Mark Spencer on November 22, 2003.

A.  **Trial Testimony**

At approximately 3:50 a.m. on November 22, 2003, Mark Spencer, his girlfriend Tiffany Northrup, and her friend left a college party in Geneva New York (T91-94).[1] Ms. Northrup's friend drove the three to her house on Pine Street (T95-97). Spencer left the two females and began walking to his home on Pulteney Street to retrieve a DVD (T95-97). Just past the intersection of Pulteney and Washington Streets, he began vomiting in the bushes (T97-98). After vomiting, he turned around, observed an individual standing approximately 15 to 20 feet away, and was immediately shot (T103-105, 119). Because it happened so quickly, Spencer was unable to identify the person who shot him; however, as the shooter ran away, Spencer observed that he was wearing black gloves, a black coat, and a hat (T105-106).

Stacy Chamis, who was attending the same party as Spencer, agreed to give petitioner, Maurice Maxon, and Brandon Lee a ride home from the party (T130-133, 166-167). On their way home, one of them asked her to stop her car on Pulteney Street, approximately one block from Washington Street (T135). Petitioner and Maxon exited the vehicle, at which time Ms. Chamis observed that petitioner had a gun in his hand (T136, 138). Ms. Chamis drove around the block with Mr. Lee and parked in front of Monaco's Market, which was diagonally across the street from where Spencer was vomiting (T136-137, 169-170).

Ms. Chamis observed Spencer, petitioner, and Maxon talking across the street (T141). Although she did not observe the shooting, she heard a gunshot, and immediately thereafter, petitioner and Maxon returned to her vehicle (T139-140). Brandon Lee observed

---

[1] "T" refers to the trial transcript (Dkt. #7).

-2-

Spencer and Maxon "squared up . . . like they was going to fight", and saw petitioner shooting Spencer from approximately 20 feet away (T171, 174).

Once in the vehicle, Maxon asked petitioner "why'd you do it?" and petitioner responded "I don't know why I did it" and "I think I shot him" (T141, 173). Petitioner was wearing a hoodie and black gloves (T143, 176).

After being shot, Spencer ran in the opposite direction and returned to his home. Unable to stop the bleeding, Spencer took a cab to the hospital, where he reported that he had shot himself with a pellet gun (T108-110). Spencer testified that he lied about the shooting because he was intoxicated and scared (T122-123). It was not until a week and a half later that Spencer advised his mother that he had been shot by another individual (T124). Spencer had never seen petitioner prior to the shooting, but knew Maxon from high school (T114, 125).

Erica Ferguia testified that petitioner told her that he and Maxon "were laying low because he had shot somebody" (T199). Petitioner told her that he shot the person in the hand because he "had been messing around with [Maxon]" (Id.). Corrections Officer Edward Swart also testified that in January 2004 he overheard petitioner tell other inmates that he had shot Spencer in the hand (T210-211).

**B.     Verdict**

The jury found petitioner guilty of Attempted Murder in the Second Degree, Assault in the Second Degree, as a lesser included offense of Assault in the First Degree, and Criminal Possession of a Weapon in the Second Degree (T322-323).

**C.     Sentence**

Acknowledging that petitioner previously rejected a plea agreement that would have resulted in him serving a 10 year sentence, the court sentenced petitioner to concurrent determinate terms of incarceration of 20 years on the Attempted Murder in the Second Degree charge, seven years on the Assault in the Second Degree charge, and 15 years on the Criminal Possession of a Weapon in the Second Degree charge, followed by five years of post-release supervision (T338-339). On September 24, 2004, the period of post-release supervision was amended to three years (S2-4).[2]

**D.     Appeals**

Petitioner's appellate counsel appealed his conviction to the New York State Supreme Court, Appellate Division, Fourth Department, arguing: (1) that the trial evidence was legally insufficient to establish Attempted Murder in the Second Degree; (2) that his conviction for Attempted Murder in the Second Degree was against the weight of the evidence; (3) that the verdict finding petitioner guilty of Attempted Murder in the Second Degree but not guilty of Assault in the First Degree was inconsistent, and that trial counsel was ineffective for failing to preserve this claim; (4) that he was impermissibly punished for asserting his right to trial; and (5) that his sentence was harsh and excessive (Dkt. #6, Ex. A).

By Decision dated February 3, 2006, the Appellate Division unanimously affirmed petitioner's conviction (Id. at Ex. C (People v. Roberts, 26 A.D. 3d 775 (4th Dep't 2006), lv. denied, 6 N.Y. 3d 837 (2006)). In so holding, the Appellate Division found: (1) that

---

[2]     "S" refers to the transcript of the September 24, 2004 re-sentencing (Dkt. #7).

"the evidence of intent is legally sufficient to support the conviction of attempted murder"; (2) that "the verdict finding him guilty of that crime is not against the weight of the evidence"; (3) that petitioner "failed to preserve for our review his contention that the verdict is repugnant insofar as the jury found him guilty of attempted murder but not guilty of assault in the first degree"; (4) that counsel's failure to object to the allegedly inconsistent verdict did not constitute ineffective assistance; (5) that petitioner waived his claim that he was penalized for exercising his right to trial; and (6) that the sentence was not unduly harsh or severe (Id.).

By letter dated February 7, 2006, petitioner's appellate counsel sought leave to appeal to the New York State Court of Appeals (Dkt. #6, Ex. D), but did not identify which issues he sought to appeal (Id.). Rather, he attached copies of the briefs submitted to the Appellate Division (Id.). Petitioner's request for leave to appeal was denied (Id. at Ex. E).

### E.   The Habeas Corpus Petition

Petitioner's habeas corpus petition asserts: (1) that the evidence was legally insufficient to establish Attempted Murder in the Second Degree; (2) that his conviction for Attempted Murder in the Second Degree was against the weight of the evidence; (3) that the verdict finding him guilty of Attempted Murder in the Second Degree, but not guilty of Assault in the First Degree, was inconsistent, and that his trial counsel was ineffective for failing to preserve this claim for appellate review; (4) that he was impermissibly penalized for asserting his right to trial; and (5) that his sentence was harsh and excessive (Dkt. #1, pp. 7-8). Although petitioner was provided with an opportunity to file a response to respondent's opposition to his

petition (Dkt. #15), he subsequently advised the court that he did not wish to do so (Dkt. #16).

## DISCUSSION AND ANALYSIS

### A. Exhaustion and Procedural Default

A petitioner must exhaust all available state remedies either on direct appeal or through a collateral attack on his conviction before he may seek habeas relief in federal court. 28 U.S.C. §2254(b); Bossett v. Walker, 41 F. 3d 825, 828 (2d Cir. 1994), cert. denied, 514 U.S. 1054 (1995). To exhaust state remedies "the petitioner must apprise the highest state court of both the factual and legal premises of the federal claims ultimately asserted in the habeas petition." Galdamez v. Keane, 394 F. 3d 68, 73 (2d Cir. 2005), cert. denied, 544 U.S. 1025 (2005).

"When a claim has never been presented to a state court, a federal court may theoretically find that there is an absence of available State corrective process under §2254(b)(1)(B)(i) if it is clear that the unexhausted claim is procedurally barred by state law and, as such, its presentation in the state form would be futile." Aparicio v. Artuz, 269 F. 3d 78, 90 (2d Cir. 2001). "This apparent salve, however, proves to be cold comfort to most petitioners because it has been held that when the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, federal habeas courts also must deem the claims procedurally defaulted." Id. Notably, "dismissal of a habeas claim on the ground that it was procedurally defaulted defers crucially from a dismissal for failure to exhaust

state remedies. Dismissal for a procedural default is regarded as a disposition of the habeas claim on the merits." Id. Nevertheless, a claim can avoid procedural default if the petitioner shows "cause for the default and prejudice, or demonstrates that failure to consider the claim will result in a miscarriage of justice (i.e., the petitioner is actually innocent)". Id.

Furthermore, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") "permits a habeas court to reject a claim on the merits notwithstanding the fact that it is unexhausted. 28 U.S.C. §2254(b)(2). However, there exists no complementary power to grant a habeas petition on an unexhausted claim". Id. at 91 n. 5.

**B.       Standard of Review**

A habeas corpus petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of that claim:

> "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d).

"A determination of a factual issue made by a State court shall be presumed to be correct", unless the petitioner rebuts this presumption by "clear and convincing evidence". 28 U.S.C. §2254(e)(1).

With these principles in mind, I will now analyze petitioner's claims.

### C.      Legal Sufficiency of the Evidence

Petitioner argues that the evidence at trial was legally insufficient to sustain his conviction for Attempted Murder in the Second Degree because it failed to establish a necessary element of the crime, namely that he intended to kill Spencer (Dkt. #1, p. 7). Respondent contends that this argument was rejected on the merits by the Appellate Division, and that petitioner has not established that this adjudication was contrary to, or involved an unreasonable application of, clearly established Federal law (Dkt. #6, Memorandum of Law, pp. 15-16).

Respondent concedes that petitioner exhausted this claim (Dkt. #6, pp. 9-10). Although this claim was not specifically presented in federal constitutional terms to the Appellate Division, petitioner cited a federal constitutional case that adequately called to the state court's attention the federal nature of his claim (Dkt. #6, Ex. B, p. 12). See Daye v. Attorney General of the State of New York, 696 F. 2d 186, 192 (2d Cir. 1982)(en banc), cert. denied, 464 U.S. 1048 (1984) ("Even absent a reference to 'book and verse' of the Constitution, the state court will have notice of the constitutional nature of a claim if, for example, the defendant relies on federal constitutional precedents."). Although petitioner did not file a separate motion for leave to appeal to the Court of Appeals, his counsel's letter requesting leave to appeal and attaching the relevant Appellate Division briefs was sufficient. See Galdamez, supra, 394 F. 3d 76-77.

On a challenge to the legal sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt". Jackson v. Virginia, 443 U.S. 307, 319 (1979), reh'g denied, 444 U.S. 890 (1979) (emphasis in

original). "All possible inferences that may be drawn from the evidence must be construed in the prosecution's favor". Maldonado v. Scully, 86 F. 3d 32, 35 (2d Cir. 1996). "Assessments of the weight of the evidence or the credibility of witnesses are for the jury and not grounds for reversal on [habeas] appeal". Id.

Under New York law, a person is guilty of Murder in the Second Degree when "with intent to cause the death of another person, he causes the death of such person . . . ". N.Y. Penal Law §125.25(1). "A person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime." N.Y. Penal Law §110.00. "Intent need not be proven by the defendant's express statement but may be inferred and circumstantial evidence is as persuasive as direct evidence with regard to establishing an intent to kill. Such circumstantial evidence may, under New York law, include a defendant's actions subsequent to the crime, such as falsehoods and flight." Jones v. Keane, 250 F. Supp. 2d 217, 238 (W.D.N.Y. 2002) (Elfvin, J.).

I find that the evidence introduced at trial was legally sufficient to establish petitioner's conviction for Attempted Murder in the Second Degree. Stacy Chamis observed petitioner exit her vehicle with a gun, heard a gunshot, and heard petitioner say "I think I shot him" after he returned to her vehicle (T136-141). Brandon Lee observed the shooting and similarly heard petitioner state that he thought he shot someone (T173). Following the shooting, petitioner also told Erica Ferugia that he was "lying low" because he had "shot somebody", and Corrections Officer Swart overheard petitioner state that he shot Spencer (T199, 211-212).

The evidence that petitioner shot Spencer from a distance of 15 feet made it reasonable for a juror to conclude that he intended to kill Spencer. "The evidence that the victim

was shot at close range is sufficient to support the determination that the shooter intended to kill the victim." People v. Henning, 267 A.D.2d 1092, 1092 (4th Dept.1999), lv. denied, 94 N.Y.2d 903 (2000); People v. Mierzwa, 124 A.D.2d 1038, 1038 (4th Dept. 1986), lv. denied, 69 N.Y. 2d 714 (1986) ("Evidence that [defendant] fired his gun at a police officer at close range is sufficient to support the inference that his intent was to cause the death of another"). Accordingly, I recommend that this claim for habeas relief be denied.

**D.   Weight of the Evidence**

Petitioner argues that his conviction for attempted murder in the second degree was against the weight of the evidence (Dkt. #1, p. 8). In response, respondent argues that this claim is not cognizable on habeas review (Dkt. #6, pp. 11, 18-19). I agree.

"Weight of the evidence" claims derive from New York Criminal Procedure Law ("CPL") §470.15(5), which permits an appellate court in New York to reverse or modify a conviction where it determines "that a verdict of conviction resulting in a judgment was, in whole or in part, against the weight of the evidence." N.Y. Crim. Proc. Law §470.15(5). Since weight of the evidence claims are grounded in the state criminal procedure statute, they are not cognizable on habeas review. See 28 U.S.C. § 2254(a) (permitting federal habeas corpus review only where the petitioner has alleged that he is in state custody in violation of "the Constitution or laws or treaties of the United States"); Hogan v. Superintendent of the Livingston Correctional Facility, 2007 WL 2907322, *8 (W.D.N.Y. 2007) (Bianchini, M.J.)("Since a 'weight of the evidence' claim is purely a matter of state law, it is not cognizable on habeas review."). Accordingly, I recommend that this claim for habeas relief be denied.

E.   **Inconsistent Verdict**

Petitioner argues that the verdict of guilty of Attempted Murder in the Second Degree was inconsistent with the verdict of not guilty of Assault in the First Degree (Dkt. #1, p. 8). Respondent argues that this claim is procedurally barred, is not cognizable on habeas review, and is otherwise meritless (Dkt. #6, p. 19-25).

Respondent concedes that this claim has been exhausted (Dkt. #6, p. 11). Petitioner raised this argument before the Appellate Division with citation to a New York case that employed a constitutional analysis of the issue, and then presented it to the Court of Appeals in his request for leave to appeal. See Galdamez, supra, 394 F. 3d at 77-78.

However, a federal court may not grant habeas relief where a state court's denial of a claim rests on an independent and adequate state law ground, including failure to follow a state procedural rule. See Coleman v. Thompson, 501 U.S. 722 729-31 (1991), reh'g denied, 501 U.S. 1277 (1991). The adequacy of an alleged state procedural bar is a question of federal law. See Lee v. Kemna, 534 U.S. 362, 375 (2002); Garcia v. Lewis, 188 F. 3d 71, 77 (2d Cir. 1999). "A [state] procedural bar will be deemed 'adequate' only if it is based on a rule that is firmly established and regularly followed by the state in question." Garcia, supra, 188 F. 3d at 77.

Here, the Appellate Division found that plaintiff "failed to preserve for our review his contention that the verdict is repugnant insofar as the jury found him guilty of attempted murder but not guilty of assault in the first degree". People v. Roberts, supra, 26 A.D. 3d at 776. New York's "contemporaneous objection" rule requires a party to register a protest to a ruling or instruction "at the time of such ruling or instruction or at any subsequent time when the court had an opportunity of effectively changing the same." N.Y. Crim. Proc. Law §470.05(2). "New

York's contemporaneous objection rule is firmly established and regularly followed by state courts, as the Second Circuit has long recognized." Simpson v. Portuondo, 2002 WL 31045862, *4 (S.D.N.Y. 2002). Thus, the Appellate Division's holding that the petitioner's claim that the verdict was against the weight of the evidence was unpreserved, bars it from habeas review. Although a habeas petitioner who fails to preserve an issue pursuant to a state's procedural rules may seek a review the claim on the merits by making "a showing of cause for the default and prejudice to the petitioner", Bossett v. Walker, 41 F.3d 825, 829 (2d Cir. 1994), cert. denied, 514 U.S. 1054 (1995), petitioner has not attempted to make such a showing.

Moreover, even if petitioner's claim was not procedurally barred, "an allegedly inconsistent verdict does not present a constitutional violation . . . [and] is not even cognizable on habeas review." Muldrow v. Herbert, 299 F. Supp. 2d 166, 170 (W.D.N.Y. 2004) (Larimer, J.). In any event, the claim lacks merit. "When there is a claim that repugnant jury verdicts have been rendered in response to a multiple-count indictment, a verdict as to a particular count shall be set aside only when it is inherently inconsistent when viewed in light of the elements of each crime as charged to the jury". People v. Tucker, 55 N.Y.2d 1, 4 (1981).

Here, the jury was charged that an individual is guilty of Murder in the Second Degree when that individual "with the intent to cause the death of another person, causes the death of such person" (T298), and that an individual is guilty of attempt when he "intended to commit the crime [and] engaged in conduct which tended to effect the commission of that crime" (T300-301). The court also charged the jury that an individual is guilty of Assault in the First Degree if "with intent to cause serious injury to another person, he or she causes such injury to that person by means of a deadly weapon" (T302), and that serious physical injury "means

impairment of a person's physical condition which creates a substantial risk of death, or which causes death, or serious and protracted disfigurement, or protracted impairment of health, or protracted loss or impairment of the function of any bodily organ" (Id.).

As argued by respondent, the court's instructions did *not* require the jury to find that Spencer sustained a serious injury in order to convict petitioner of Attempted Murder in the Second Degree, whereas a conviction for Assault in the First Degree *did* require such a finding. In view of Spencer's testimony that the gunshot left him with no protracted loss or permanent impairments to his arm (T111-112, 128), the jury could reasonably have concluded that Spencer did not sustain a serious physical injury, and, therefore, that petitioner was not guilty of Assault in the First Degree. Accordingly, I recommend that this claim for habeas relief be denied.

### F.     Ineffective Assistance of Counsel

Petitioner contends that trial counsel's failure to preserve an objection to the inconsistent verdict constituted ineffective assistance of counsel (Dkt. #1, p. 8). Respondent argues that this claim is meritless (Dkt. #6, pp. 25-26). I agree. It is well settled that counsel's "failure to make a meritless argument does not amount to ineffective assistance." United States v. Arena, 180 F. 3d 380, 396 (2d Cir. 1999), cert. denied, 531 U.S. 811 (2000). Because the guilty verdict on the charge of Attempted Murder in the Second Degree was not inconsistent with the not guilty verdict on the charge of Assault in the First Degree, trial counsel's failure to object to the alleged inconsistency was not ineffective assistance of counsel. Accordingly, I recommend that this claim for habeas relief be denied.

### G. Harsh and Excessive Sentence

Petitioner argues that the "twenty-year sentence imposed on [him as a] seventeen year-old for his first felony is harsh and excessive" (Dkt. #1, attachment 22e). Respondent argues that this claim is both unexhausted and procedurally defaulted, and that because petitioner's sentences falls within the statutory range, no federal constitutional question is presented (Dkt. #6, pp. 11, 32).

"No federal constitutional issue is presented where . . . the sentence is within the range prescribed by state law." White v. Keane, 969 F. 2d 1381, 1383 (2d Cir. 1992); Ruttlen v. Conway, 2007 WL 952049, *11 (W.D.N.Y. 2007) (Skretny, J.). Here, petitioner received concurrent determinate terms of incarceration of 20 years on the Attempted Murder in the Second Degree charge, seven years on the Assault in the Second Degree charge, and 15 years on the Criminal Possession of a Weapon in the Second Degree charge, followed by three years of post-release supervision (T338-339). A conviction for Attempted Murder in the Second Degree, a class B violent felony, may result in a determinate sentence of between five and 25 years imprisonment. See N.Y. Penal Law §§70.02(1)(a), 70.02(2)(a), 70.02(3)(a), and 125.25. A conviction for Assault in the Second Degree, a class D felony, may result in a maximum sentence of seven years imprisonment. N.Y. Penal Law §§70.00(2)(d), 120.05(2). A conviction for Criminal Possession of a Weapon in the Second Degree, a class C felony, may result in a maximum sentence of 15 years imprisonment. N.Y. Penal Law §§70.00(2)(c), 265.03.

Thus, none of petitioner's sentences exceeded the statutory limits. In fact, petitioner concedes that his sentence was "very near the maximum allowed" (Dkt. #1, attachment

22e). Consequently, petitioner is not entitled to habeas relief on the ground that his sentence was harsh and excessive.

Although petitioner was 17 years old at the time he committed these crimes, there was ample justification for the sentence imposed. The Court noted that petitioner had an extensive record as a juvenile, was a suspect in another armed offense, was the subject of an outstanding Family Court warrant, and was charged in a pending matter with Assault in the Second Degree for a fight while incarcerated. Petitioner's probation officer also found that "his potential for law abiding behavior is extremely poor" and that "the level of violence in he present offense for such a young individual shows extremely high risk behaviors" (T336-339). Accordingly, I recommend that this claim for habeas relief be denied.

### H. Penalization for Asserting Right to Trial

Petitioner contends that he rejected a pre-trial plea that would have resulted in him serving only 10 years imprisonment, and that he was ultimately sentenced to twice that as a punishment for exercising his right to trial (Dkt. #1, p. 8). Respondent argues that this claim is procedurally barred and otherwise meritless (Dkt. #6, pp. 27-31).

Respondent concedes (Dkt. #6, p. 12) that petitioner exhausted this claim by presenting it to the Appellate Division by citing to a case that employed a constitutional analysis of this issue (Dkt. #6, Ex. A, p. 16), and then by raising the issue to the Court of Appeals in his request for leave to appeal. See Galdamez, supra, 394 F. 3d at 77-78.

However, as previously discussed, a federal court may not grant habeas relief where a state court's denial of a claim rests on an independent and adequate state law ground,

-15-

including failure to follow a state procedural rule. See Coleman, supra, 501 U.S. at 729-31. Here, the Appellate Division found that defendant "failed to preserve for our review his contention that County Court penalized him for exercising his right to a jury trial by imposing a sentence greater than that offered as part of the plea bargain". People v. Roberts, supra, 26 A.D.3d at 776. The Appellate Division's holding that the petitioner had failed to preserve this claim bars it from habeas review. Although a habeas petitioner who fails to preserve an issue pursuant to a state's procedural rules may seek a review the claim on the merits by making "a showing of cause for the default and prejudice to the petitioner", Bossett, supra, 41 F. 3d at 829, petitioner has not attempted to make such a showing.

Even if this claim was not procedurally barred, I would find that it lacks merit. "Under New York law, the mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof that defendant was punished for asserting his right to trial. As the New York Court of Appeals has pointed out, given . . . the *quid pro quo* of the bargaining process . . . it is also to be anticipated that sentences handed out after trial may be more severe than those proposed in connection with a plea." Van Gorder v. Allerd, 387 F. Supp. 2d 251, 260 (W.D.N.Y. 2005) (Bianchini, MJ). Here, there is no evidence that petitioner was punished for proceeding to trial. As discussed supra, his sentence was legally permissible and appropriate given his criminal history and the circumstances of the offense. Accordingly, I recommend that this claim for habeas relief be denied.

I.  **Certificate of Appealability**

For a Certificate of Appealability to issue, the petitioner must make a "substantial showing of the denial of a constitutional right ." 28 U.S.C. §2253(c)(2). To make the required "substantial showing", the petitioner must establish that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Rhagi v. Artuz, 309 F.3d 103, 106 (2d Cir. 2002) (per curiam), cert. denied, 538 U.S. 950 (2003). Petitioner has made no such substantial showing of the denial of a constitutional right in this case. Accordingly, I recommend that a Certificate of Appealability not be issued.

## CONCLUSION

For these reasons, I recommend that the petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be DENIED. Because petitioner has failed to make a substantial showing of a denial of a constitutional right, I also recommend that a Certificate of Appealability not be issued. Pursuant to 28 U.S.C. §636(b)(1), it is hereby

ORDERED, that this Report and Recommendation be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. ("Rule") 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge in the first instance. See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co., 840 F. 2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. Thomas v. Arn, 474 U.S. 140 (1985); Wesolek v. Canadair Ltd., 838 F. 2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report and Recommendation), may result in the District Judge's refusal to consider the objection.

**SO ORDERED.**

DATED:     July 2, 2008

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge